UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-01248-CAS-JCx | Date | January 13, 2020 |
| Title | GARVEY SCHOOL DISTRICT V. V.S. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Geoffrey Winterowd                          Priya Bahl-Sen

**Proceedings:**      DEFENDANTS AND COUNTERCLAIMAINTS' MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 41)

## I.    INTRODUCTION

This case arose from a dispute concerning a school district's obligation to provide a free appropriate public education ("FAPE") to one of its students pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 et seq. ("IDEA").

Plaintiff and counterdefendant Garvey School District ("GSD") initiated proceedings in this Court on February 20, 2019 by appealing a California Office of Administrative Hearing decision that awarded defendant and counterclaimant V.S., an 11 year old sixth grade student ("V.S." or the "student"), certain specified special education services and interventions. See ECF No. 1 ("Compl."). GSD filed an amended complaint on March 22, 2019. ECF No. 10 ("FAC").

On April 2, 2019, V.S. filed an answer and counterclaim against GSD requesting attorneys' fees. See ECF No. 13 ("Answer" or "CC"). GSD filed an answer to the counterclaim on May 20, 2019. See ECF No. 19 ("GSD Answer"). V.S. moved for summary judgment on GSD's appeal on October 18, 2019. ECF No. 33 ("MSJ"). In lieu of filing an opposition, on October 28, 2019, GSD moved to withdraw its FAC. ECF No. 35. After a status conference at which counsel for both parties appeared, the Court granted V.S.'s unopposed summary judgment motion on November 5, 2019. ECF No. 39 ("MSJ Order"). The Court entered judgment on November 14, 2019. ECF No. 40 ("Judgment").

V.S. filed the instant motion for attorneys' fees and costs on December 2, 2019. ECF No. 41 ("Motion"). GSD timely filed the operative version of its opposition on December

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:19-CV-01248-CAS-JCx | Date | January 13, 2020 |
|----------|----------------------|------|------------------|
| Title | GARVEY SCHOOL DISTRICT V. V.S. | | |

9, 2019. ECF No. 42 ("Opp."). On December 28, 2019, V.S. filed a reply. ECF No. 45 ("Reply").

Having considered the parties' arguments, the Court finds and concludes as follows.

## II.    RELEVANT BACKGROUND

V.S. is an 11 year old student currently enrolled in the sixth grade at Sanchez Elementary School in the Garvey School District. See Clerk's Record, ECF No. 18 ("CR") at 316-335. Doctors have diagnosed V.S. with general anxiety disorder, and autism spectrum disorder. Id. V.S. first qualified for special education services in June 2017 at the end of his third grade academic year (2016-2017). Id. During his fourth grade academic year (2017-2018), with those initial services in place pursuant to an individualized education plan ("IEP"), V.S. missed approximately 25% of his school instruction days and failed to meet grade level standards in reading, writing, and math. Id. at 347.

Acting on her own during the 2017-2018 school year, V.S.'s mother unsuccessfully attempted to have GSD provide V.S. with more robust and effective special education services in his IEP. V.S.'s mother ultimately retained counsel, Hope4Families ("H4F"), in June 2018. H4F is a non-profit public interest law firm that provides legal services to families of special needs children, particularly to low income families in underserved communities. See Decl. of Margaret McNair ¶ 7, ECF No. 41-1 ("McNair Decl."); Decl. of Priya Bahl-Sen ¶ 8, ECF No. 41-2 ("Bahl-Sen Decl.").

On July 31, 2018, H4F filed a due process complaint alleging that GSD unlawfully denied V.S. a FAPE, as required by the IDEA. See CR at 1. An administrative law judge ("ALJ") held a four-day due process hearing on September 26-27 and October 24-25, 2018. Id. at 471-517. The ALJ construed the due process complaint to raise three issues: (1) whether, between July 31, 2016 and July 31, 2018, GSD denied V.S. a FAPE by failing to conduct a functional behavioral assessment ("FBA") or an educationally related intensive counseling services ("ERICS") assessment; (2) whether, between July 31, 2016 and July 31, 2018, GSD denied V.S. a FAPE by failing to design and implement an IEP reasonably calculated to confer meaningful educational benefits; and (3) whether GSD violated the IDEA's procedural mandates, including by excluding his mother and his therapist from the IEP team. Id at 471-72.

On December 5, 2018, the ALJ concluded that "Student prevailed on Issues 1 and 2" but found that GSD "prevailed on Issue 3." Id. at 513. On the first issue, the ALJ found that GSD denied V.S. a FAPE by failing to conduct an ERICS assessment, but not by failing to conduct a FBA. Id. at 505-06, 513. On the second issue, the ALJ found that the June 2017 IEP failed to provide V.S. with the services, support, or accommodations necessary to constitute a FAPE, although the ALJ found no evidence to substantiate V.S.'s argument that the June 2017 IEP failed to provide a FAPE by neglecting to respond to alleged teasing and bullying. Id. at 506-510, 513. And on the third issue, the ALJ found that GSD adequately permitted V.S.'s mother and therapist to participate in the IEP team. Id. at 510-513.

To remediate the IDEA violations, the ALJ ordered GSD to (i) perform an ERICS assessment, (ii) convene an IEP team to review the result of that assessment and develop a new IEP in accordance therewith, (iii) provide V.S. with five hours per week of home-hospital instruction by a certified non-public agency ("NPA") during the development of the new IEP, (iv) provide V.S. with 18 hours of compensatory specialized academic instruction from a certified NPA, and (v) provide V.S.'s mother with 4.5 hours of parental counseling from a certified NPA. Id. at 516-17. The ALJ declined to adopt the other alternative remedies that V.S. proposed, including behavioral therapy services, occupational therapy services, speech and language services, and counseling services. Id. at 513 & 513 n.15.

GSD complied with the ALJ order by conducting the mandated assessments, providing the required instruction and counseling, and by convening members of V.S.'s IEP team to compose a new IEP. See Bahl Sen Decl. at Ex A. In March 2019, V.S. received a new IEP that implemented the findings from his assessments. His qualification category changed from "Specific Learning Disability" to "Other Health Impairment" and V.S. was determined to qualify for continuing ERICS counseling services. Id. Following the IEP meeting, GSD placed V.S. in a special day class ("SDC") at Sanchez Elementary School, a more restrictive environment determined to better suit his needs. At a June 2019 IEP meeting, reports from V.S.'s teachers and counselors indicated that V.S.'s attendance, participation, and social/emotional behaviors had improved, and that V.S. was responding well to his new placement. Id. The IEP team developed a plan for V.S. to transition back to school after the summer break, and V.S. has since done so. Id.

While it was complying with the ALJ's order, GSD also pursued an appeal of the ALJ's decision in this Court. See FAC. On June 17, 2019, at the initial scheduling

conference, V.S.'s counsel informed GSD that the appeal was moot since GSD already provided V.S. with all of the relief ordered by the ALJ. See Bahl-Sen Decl., ¶¶ 11-12. GSD continued to pursue the appeal. On October 18, 2019, V.S. moved for summary judgment on grounds that the appeal had become moot. See MSJ. GSD did not oppose the motion, and on November 5, 2019, the Court granted the motion. See MSJ Order. This motion for attorneys' fees followed.

## III. LEGAL STANDARD

Pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). Congress' intent was to provide parents with disabled children a substantive right that could be enforced through the procedural mechanisms in the IDEA. See Barlow–Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1991).

To calculate the fee award, the Court determines the number of hours reasonably expended on the litigation, then multiplies that number by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (explaining that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny."). Attorneys' fees awarded under the IDEA are further governed by the "degree of success" standard, in which a partially prevailing party may not recover fees for unsuccessful claims, and the level of the party's success on the claims it did prevail upon affects the amount of fees that may be awarded. See Aguirre, 461 F. 3d at 1121 (applying analysis used in Hensley, 461 U.S. at 436). Indeed, "the most critical factor is the degree of success obtained." Id. The hourly rate for fees charged "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c). "It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community.'" Miller ex rel. Miller v. San Mateo-Foster City Unified Sch. Dist., 318 F. Supp. 2d 851, 865 (N.D. Cal. May 24, 2004) (citing Jordan v. Multnomah Cty., 815 F.2d 1258, 1263 (9th Cir. 1987)).

## IV. DISCUSSION

In total, V.S. requests attorneys' fees of $101,782.00 to compensate his four attorneys at H4F—Margaret J. McNair, Priya Bahl-Sen, Hannah Rosenstein, and Rachel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|
| Case No. | 2:19-CV-01248-CAS-JCx | Date | January 13, 2020 |
| Title | GARVEY SCHOOL DISTRICT V. V.S. | | |

Douglas—for 293.25 hours of work, plus an additional $200.00 for expenses related to photocopying, fax, phone, mileage, and parking charges. See McNair Decl., Ex. A (attaching invoice).

GSD concedes that V.S. is entitled to some attorneys' fees since V.S. at least partially prevailed on two out of three issues before the ALJ. See Opp. at 13 ("Student is a prevailing party and the District does not dispute his entitlement to some attorneys' fees."). However, GSD argues that the amount of fees requested are unreasonably inflated because H4F (1) requests compensation at above-market hourly rates, (2) requests compensation for unnecessary time spent litigating the motion for summary judgment, and (3) seeks to recover all of its fees despite obtaining only partial success. Id. at 8-15. On this basis, GSD argues that "the fees to be awarded should be reduced by at least 60%." Id. at 15.

The Court addresses each argument in turn.

## A.      H4F's Hourly Rates

The hourly rate for fees charged "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c). "District courts may consider the fees awarded by others in the same locality for similar cases." Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (emphasis added) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008)) (in determining reasonable hourly rates, courts "may permissibly look to the hourly rates charged by comparable attorneys for similar work"). "[T]he established standard for determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Fin. Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citations omitted). "District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Sam K., 788 F.3d at 1041 (quoting Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)). "It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community.'" Miller, 318 F. Supp. 2d at 865 (citing Jordan, 815 F.2d at 1263). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing

party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

V.S. requests rates of $475 per hour for McNair, $400 per hour for Bahl-Sen, $290 per hour for Rosenstein, and $250 per hour for Douglas. See Mot. at 13-16. McNair and Bahl-Sen represent that they are experienced attorneys, having been admitted to the bar in 1986 and 2002, respectively, and that their requested fees are in line with special education lawyers in the community. See McNair Decl., ¶¶ 2-11; Bahl-Sen Decl., ¶¶ 2-6. Rosenstein and Douglas are more junior attorneys who were admitted to the bar in 2017 and 2018, and H4F represents that requested hourly rates for their time are commensurate with community standards for special education attorneys with their level of experience. McNair Decl., ¶¶ 13-15. V.S. also submits declarations from other special education attorneys in the community, each of whom states that the fees H4F requests are in line with the rates that prevail in Southern California. See generally Decl. of Julian Treves ("Treves Decl."), ECF No. 41-3; Decl. of Sheila Harrison ("Harrison Decl."), ECF No. 41-4. In addition, V.S. submits a declaration from Richard Pearl, Esq., a self-proclaimed specialist in court-awarded attorneys' fees, and he, too, attests that the rates requested by V.S.'s H4F attorneys are reasonable and consistent with community standards. See Decl. of Richard Pearl ("Pearl Decl."), ECF No. 41-5.

GSD contends that these rates are inflated relative to H4F's special education practice experience. See Opp. at 9. For example, GSD argues that although McNair's has practiced law for 33 years, the Court should consider that she has only 8 years of experience as an exclusively special education practitioner following a career as a general and complex civil litigator. Id. (citing McNair Decl., ¶¶ 2-11). Similarly, GSD asserts that while Bahl-Sen has 17 years of total post-bar experience, her rates should be reduced because she only began practicing special education law exclusively 6 years ago after spending many years practicing general litigation and conservatorship law with Sacramento Child Advocates, the Orange County Counsel's Office, and in private practice. Id. at 10 (citing Bahl-Sen Decl., ¶¶ 2-6).

The Court has not found case law adopting a reasonable rate for any of the H4F attorneys' prior work. However, recent decisions from this district shed light on reasonable prevailing rates for special education attorneys with similar experience. In Gordon v. Los Angeles Unified Sch. Dist., No. 18-CV-00919-CAS (JCx), 2019 WL 2511936, at *6 (C.D. Cal. June 17, 2019), the court approved an hourly rate of $600 per hour for a special education attorney with 30 years of post-bar experience. Accord E.S. v. Conejo Valley

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-CV-01248-CAS-JCx | Date | January 13, 2020 |
| --- | --- | --- | --- |
| Title | GARVEY SCHOOL DISTRICT V. V.S. | | |

Unified Sch. Dist., No. 17-CV-02629 SS, 2019 WL 1598756, at *8 (C.D. Cal. Mar. 27, 2019) (attorney with 30 years of experience entitled to $600 per hour, but acknowledging that this rate "appears to be at the very upper end of the rates charged in special education cases"). In M.S. v. Lake Elsinore Unified Sch. Dist., No. 13-CV-01484-CAS (SPx), 2016 WL 183500, at *3 (C.D. Cal. Jan. 13, 2016), the court found that $425 per hour was a reasonable rate for a special education attorney with 17 years of post-bar experience in 2016. And in Tehachapi Unified Sch. Dist. v. K.M. by & Through Markham, No. 16-CV-01942-DAD-JLT, 2019 WL 331153, at *6 (E.D. Cal. Jan. 25, 2019), the court concluded that $250 per hour was a reasonable rate in Santa Barbara County for a special education attorney with "nearly two years" of total practice experience.

In light of the foregoing, the Court concludes that the rates requested for H4F's attorneys are reasonable. The Court understands GSD's argument that McNair's and Bahl-Sen's rates should be reduced to reflect their more recent transition to practice special education law exclusively, but declines to adopt this reasoning. Courts considering fee awards in the special education context do not discount the experience that an attorney may obtain through civil litigation or related practice. See, e.g., E.S., 2019 WL 1598756, at *8 (awarding $600 hourly rate to attorney with 30 years of total experience, but only 19 years of nearly exclusive special education practice following 10-11 years in civil litigation). The Court will not do so here.

**B.      H4F's Time Spent Litigating The Summary Judgment Motion**

GSD argues that the Court should discount the time H4F billed to litigate the motion for summary judgment motion because H4F "never provided" opposing counsel "any legal authority in support of their assertion that the matter was moot until they served" the motion. Opp. at 11.

The Court disagrees. Prior to the filing of the summary judgment motion, GSD knew that V.S. intended to move for summary judgment on grounds that the appeal became moot after GSD rendered all the relief the ALJ ordered. See Opp. at 11 (citing Winterowd Decl., Ex. C). The fact that V.S. did not, in the meet and confer prior to filing the motion, provide GSD with some then-unknown quantum of authority that GSD would have accepted as adequate to retract its claims before the motion was filed does not preclude V.S. from recovering fees for ultimately having to prepare and file the motion. And, in any case, the application of the mootness doctrine here was not complicated to understand, such that GSD's position—that it did not know the weakness of its claims until the summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-CV-01248-CAS-JCx | Date | January 13, 2020 |
|----------|----------------------|------|------------------|
| Title | GARVEY SCHOOL DISTRICT V. V.S. | | |

judgment motion was filed—is dubious at best. If anything, it was GSD, not V.S., which "unreasonably protracted the final resolution of the controversy and wasted the resources of the Court" by forcing V.S. to file the summary judgment motion, and requiring the Court to hold a status conference to arrange a stipulation to judgment. See Opp. at 11 (citing E.S., 2019 WL 1598756, at *11).

The Court finds and concludes that V.S. may recover attorneys' fees for the time spent litigating the summary judgment motion.

### C.      Degree Of Success

GSD argues that, notwithstanding the fact that V.S. is a prevailing party, the Court should nevertheless reduce the amount of attorneys' fees it awards to V.S. because V.S. did not obtain complete success on his claims. See Opp. at 12-15. Specifically, GSD contends that the Court should reduce the fees awarded because V.S. (1) did not obtain the requested change of placement, (2) only obtained an ERICS assessment, and not the FBA, speech and language, occupational therapy, or psychoeducational assessments he requested, (3) only received 18 hours of specialized academic instruction and not the "intensive" instruction GSD claims he requested, and (4) did not receive the behavioral therapy, occupational therapy, speech and language therapy, and English as a second language instruction that he requested. Id.

The Court agrees. A prevailing party who does not win every claim he asserts may have his recoverable attorneys' fees reduced to compensate for the limited success. See Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003). The first step is to consider whether "the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded." Id. at 1169 (citing Hensley, 461 U.S. at 434). "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed." Id. If the hours are unrelated and unsuccessful, they should not be included in the award of fees. Id. The second step is to consider whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Id. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

Of the three issues raised by V.S.'s due process complaint, the ALJ concluded that V.S. only prevailed on two of them. See CR at 513. Therefore, some fee award reduction is warranted because V.S. did not succeed on the distinct procedural compliance issue he raised regarding the participation of his mother and therapist in the IEP team. See Webb, 330 F.3d at 1169; e.g., Gordon, 2019 WL 2511936 at * 7-8 (concluding that "Student's requested fees should be reduced because Student did not prevail on all of his asserted issues" where "the issues on which he failed are sufficiently distinct from those on which he partially prevailed"). For example, in Gordon, the student requested "reimbursement of his private counseling and his psychoeducational evaluation, neither of which were awarded." Id. at *7. The court concluded that these technical matters of IDEA compliance were "materially distinct from Student's assertion that the District failed to provide him a FAPE" and reduced the total attorneys' fee award it permitted the student to recover. Id. at *8. The same applies here.

No similar reduction is warranted on grounds that V.S.'s success on the first two issues was incomplete. Although the ALJ rejected the assertions that GSD denied V.S. a FAPE by (i) failing to conduct certain assessments other than the ERICS assessment, and by (ii) neglecting to develop an IEP that protected V.S. from alleged teasing and bullying, the ALJ concluded that GSD denied V.S. a FAPE by failing to adequately assess him for certain disabling conditions, and by failing to design and implement an IEP reasonably calculated to grant V.S. meaningful educational benefits. See CR at 505-510, 513. The hours spent litigating these theories were thus unsuccessful, but not unrelated to the hours spent successfully litigating other aspects of the same claims against GSD. Because the hours appear to have secured "a level of success that makes the hours reasonably expended," the Court declines to reduce V.S.'s attorneys' fee award on this basis. Webb, 330 F.3d at 1169.

\*        \*        \*

The Court must next determine the appropriate reduction to V.S.'s fee award to account for the fact that V.S. did not succeed on the third issue he raised before the ALJ. To do so, the Court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Aguirre, 461 F.3d at 1121 (quoting Hensley, 461 U.S. at 436-37). The Court "necessarily has discretion in making this equitable judgment." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:19-CV-01248-CAS-JCx | Date | January 13, 2020 |
| Title | GARVEY SCHOOL DISTRICT V. V.S. | | |

Here, V.S. succeeded on his two most significant claims against GSD for the denial of a FAPE, and he secured substantial remedies as a result. See CR at 513. In that context, V.S.'s lack of success on his third claim regarding GSD's compliance with IDEA standards governing who must be permitted to participate in IEP team meetings is not a compelling basis to drastically reduce the attorneys' fees V.S. is awarded, and certainly not by the 60% that GSD requests. All things considered, and without an ability to identify the specific hours related exclusively to the failed third claim, the Court concludes that a 10% reduction is appropriate. This reduction yields an attorneys' fee award of $91,603.80 (compared to the $101,782.00 requested), and is consistent with comparable limited success reductions applied within the Ninth Circuit. See, e.g., I.T. ex rel. Renee T. v. Dep't of Educ., Hawaii, 18 F. Supp. 3d 1047, 1063 (D. Haw. 2014), aff'd, 700 F. App'x 596 (9th Cir. 2017) (concluding "that Plaintiff's fee award should be reduced by 20%" for degree of success); J.T. ex rel. Renee T. v. Dep't of Educ., Hawaii, No. 11-CV-00612 LEK, 2013 WL 418687, at *5 (D. Haw. Jan. 31, 2013) (electing "to reduce the award by an additional 5% to account for Plaintiff's limited success"); J.Y. v. Seattle Sch. Dist. No. 1, No. 07-CV-1226-JCC, 2007 WL 4111202, at *8 (W.D. Wash. Nov. 16, 2007) (concluding that "Plaintiff's final fee award should be reduced 10% to reflect the level of success in this case").

## V.    CONCLUSION

For the foregoing reasons, V.S.'s motion for attorneys' fees is **GRANTED**. The Court awards $91,603.80 in attorneys' fees to V.S., along with $200.00 in costs.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |